IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANITA R. ROGERS and          :
WILLIAM A. ROGERS,           :
                             :
     Plaintiffs,             :
                             :
vs.                          :      CIVIL ACTION 08-549-CG-M
                             :
COUNTRYWIDE HOME LOANS, INC.,:
d/b/a AMERICA'S WHOLESALE    :
LENDER,                      :
                             :
     Defendant.              :


REPORT AND RECOMMENDATION


     The Motion to Dismiss or, in the Alternative, Motion for

More Definite Statement filed by Defendant Countrywide Home

Loans, Inc., doing business as America's Wholesale Lender

(hereinafter *Countrywide*) (Docs. 7-8), has been referred for

report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and

Local Rule 72.2.  Jurisdiction has been invoked in this Court

under 28 U.S.C. § 1331, pursuant to provisions of the Truth in

Lending Act (hereinafter *TILA*).  *See* 15 U.S.C. § 1601.  After

consideration, it is recommended that Defendant's motion be

granted in part and denied in part.

     The facts are, briefly, as follows.  Plaintiffs Anita and

William Rogers are a married couple, living in Fairhope, Alabama,

who refinanced a real estate mortgage with a loan for $201,000,

secured by their principal residence, from Defendant on November

1, 2006 (Complaint ¶¶ 3-4).  The Rogers assert that Countrywide

failed to make specific disclosures pursuant to TILA in making that loan (Complaint ¶¶ 5-6). In a letter dated September 9, 2008, Plaintiffs notified Defendant that they were rescinding the loan (*see* Complaint ¶ 8). The Rogers assert that Countrywide "has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection" with the loan, violating TILA (Complaint ¶ 9). On September 25, 2008, Plaintiffs brought this action, asserting claims against Countrywide for violating TILA (Doc. 1).

Defendant subsequently filed this Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Docs. 7-8). Plaintiffs have filed a Response (Doc. 15) to which Countrywide has Replied (Doc. 18).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is

and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[1]  While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 127 S.Ct. 1955, 1965 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Bell Atlantic*, 127 S.Ct. at 1966) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)).  As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed." *Bell Atlantic*, 127 U.S. at 1974.

Defendant asserts, in its Motion, that "[t]here is a notable

---

[1] *Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.  The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 127 S.Ct. 1955, 1966-69 (2007).  The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

paucity of facts setting forth the 'grounds' for Plaintiff's claims, how the disclosure statement or cancellation notice violates TILA, or why they are entitled to any relief thereunder" (Doc. 8, pp. 4-5).  The Court finds merit in the assertion, noting that the Complaint states only the following facts with regard to the claims:

> 6. Plaintiffs [sic] disclosures were deficient in at least the following respects:
>
>     a. The "Amount Financed" was not disclosed; and
>
>     b. The "Finance Charge" was understated.

(Complaint ¶ 6).  These "facts" are really more assertions than statements of fact.  It is only when responding to this Motion that Plaintiffs informed Defendant that the deficiency in the "Amount Financed" concerns a poor copy of the Truth in Lending statement wherein the amount is illegible (*see* Doc. 15, p. 5 and Exhibit C).  A thorough reading of the Response, however, still leaves the Court unsure as to how the "Finance Charge" was understated and on what basis that assertion is made.

Nevertheless, the Court is reluctant to find that Plaintiffs have failed to state a claim under the relevant language of *Bell Atlantic*.  The Court, therefore, recommends that Plaintiffs be given a short period of time to better articulate the factual predicate for their claims, providing necessary documents to support such claims.

4

Before this Recommendation is complete, however, it is necessary for the Court to address a legal issue disputed by the Parties.  That discussion was the statute of limitations period relevant to the claims brought forth in the Complaint.

Countrywide has argued that the Rogers' claim for damages is barred by TILA's one-year statute of limitations (Doc. 8, pp. 6-7).  Defendant points to 15 U.S.C. § 1640(e) which states as follows:  "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."  In their Complaint, filed on September 25, 2008, Plaintiffs admit that the closing took place on November 1, 2006 (Complaint ¶ 4).  If the limitations period is only a year, this action comes too late.

The Rogers acknowledge § 1640(e) but argue that there is a second limitations period, one lasting three years, which is the appropriate limitations period for consideration in this action (Doc. 15, pp. 4-5).  Plaintiffs refer the Court to 15 U.S.C. § 1635(f) which states:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter

5

institutes a proceeding to enforce the
provisions of this section within three years
after the date of consummation of the
transaction, (2) such agency finds a
violation of this section, and (3) the
obligor's right to rescind is based in whole
or in part on any matter involved in such
proceeding, then the obligor's right of
rescission shall expire three years after the
date of consummation of the transaction or
upon the earlier sale of the property, or
upon the expiration of one year following the
conclusion of the proceeding, or any judicial
review or period for judicial review thereof,
whichever is later.

15 U.S.C. § 1635(f).  The Rogers argue that "when a consumer
ha[s] an extended right to rescind because of a TILA violation,
the statute of limitations for *all the damages* they seek,
including statutory damages, extends to three years (Doc. 15, p.
10) (emphasis added).  Though Defendant admits that "the statute
of limitations for rescission claims is three years from the date
the transaction was consummated if the required notices and
material disclosures were not made," they argue that the longer
limitations period is only applicable "to rescission claims, not
claims for damages" (Doc. 18, pp. 6-7).

The Court agrees with Countrywide's argument that the one-
year limitations period of § 1640(e) does not "piggyback" onto
the three-years limitation period for rescission, set out in §
1635(f) (*see* Doc. 18, pp. 6-7).  The Court has carefully read the
statutes in question and the briefs on this matter; after
reviewing the cited cases, however, the Court finds itself in

6

agreement with the reasoning of *Brown v. Nationscredit Financial Services Corp.*, 349 F.Supp.2d 1134, 1137-38 (N.D. Ill. 2005). *Brown* held as follows:

> The central dispute in this case concerns the interpretation of § 1635(g), titled "Additional relief," which provides that "[i]n any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind." 15 U.S.C. § 1635(g).  Brown contends that this provision extends the longer three-year statute of limitations to damage claims when the right to rescind is lengthened under § 1635(f).  The Court does not believe that in adopting § 1635(g), Congress intended to alter the one-year statute of limitations applicable to damage claims.
>
> Notably, § 1635(g) contains no language to suggest that Congress intended to override the statute of limitations set out in § 1640(e).  The more appropriate reading, consistent with its language, is that Congress was simply clarifying that a plaintiff bringing a claim for rescission could also sue for statutory damages.  The relatively scant legislative history of § 1635(g) is consistent with this reading.  In discussing its 1980 amendments to TILA, which included the addition of § 1635(g), the Senate report on the proposed legislation stated that, "the bill explicitly provides that a consumer who exercises his right to rescind may also bring suit under the Act for other violations not relating to rescission. The Act is currently ambiguous on this issue, and this section codifies the majority position of the courts."  S. Rep. No. 96-368, at 29 (1979), *reprinted* in 1980 U.S.C.C.A.N. 236, 265.  Prior to the amendment, some courts did not allow plaintiffs to concurrently sue for rescission under § 1635 and damages under § 1640, but instead

required borrowers to elect one of the two
remedies.  *See Wachtel v. West*, 476 F.2d
1062, 1065 (6th Cir. 1973).

In sum, both the language of § 1635(g)
and its legislative history support the
notion that this subsection was not intended
to alter the statute of limitations
applicable to TILA damage claims.  The
majority of courts addressing this issue have
reached the same conclusion.  *Rudisell v.
Fifth Third Bank*, 622 F.2d 243 (6th Cir.
1980); *Bell v. Ameriquest Mortgage Co.*, No.
04 C 5987, 2004 WL 2973819 (N.D. Ill. Nov.
30, 2004); *Pulphus v. Sullivan*, No. 02 C
5794, 2003 WL 1964333 (N.D. Ill. April 28,
2003); *Jenkins v. Mercantile Mortgage Co.*,
231 F.Supp.2d 737, 745 (N.D. Ill. 2002);
*Dowdy v. First Metro. Mortgage Co.*, No. 01 C
7211, 2002 WL 745851, at *1-2 (N.D. Ill.
2002); *Elliott v. ITT Corp.*, 764 F.Supp. 102
(N.D. Ill. 1991). *But see McIntosh v. Irwin
Union Bank & Trust Co.*, 215 F.R.D. 26, 30
(D.Mass. 2003); *Reynolds v. D & N Bank*, 792
F.Supp. 1035, 1036-39 (finding, without
discussion of the statute of limitations,
that plaintiff is entitled to rescission and
statutory damages despite claim being brought
fourteen months after entering the contract).

*Brown*, 349 F.Supp.2d at 1137-38.  Adopting this reasoning, the

Court finds that Plaintiffs claims for damages under § 1640(e)

are barred by the one-year statute of limitations.  Therefore, it

is recommended that the Rogers' claims seeking damages under that

section be dismissed.

In summary, the Court recommends that Defendant's Motion to

Dismiss be granted in part and denied in part (Docs. 7-8).

Specifically, it is recommended that the Motion be granted as to

Plaintiffs' claims seeking damages under 15 U.S.C. § 1640(e); it

is further recommended that the balance of the Motion be denied

and that Plaintiffs be given a short period of time to file an

Amended Complaint which more definitively states the factual

basis for their claims.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.   Any party who objects to this recommendation or
anything in it must, within ten days of the date of service of
this document, file specific written objections with the clerk of
court.   Failure to do so will bar a *de novo* determination by the
district judge of anything in the recommendation and will bar an
attack, on appeal, of the factual findings of the magistrate
judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d
736, 738 (11th Cir. 1988); *Nettles v. Wainright*, 677 F.2d 404
(5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging
the findings and recommendations of the magistrate judge is set
out in more detail in SD ALA LR 72.4 (June 1, 1997), which
provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days after being served with
> a copy of the recommendation, unless a different time
> is established by order.   The statement of objection
> shall specify those portions of the recommendation to
> which objection is made and the basis for the
> objection.   The objecting party shall submit to the
> district judge, at the time of filing the objection, a
> brief setting forth the party's arguments that the
> magistrate judge's recommendation should be reviewed de
> novo and a different disposition made.   It is
> insufficient to submit only a copy of the original
> brief submitted to the magistrate judge, although a
> copy of the original brief may be submitted or referred
> to and incorporated into the brief in support of the
> objection.   Failure to submit a brief in support of the
> objection may be deemed an abandonment of the
> objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 3rd day of April, 2009.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE